IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-60-TAV-DCP |
| GREGORY MADRON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Gregory Madron's Motion to Continue Trial [Doc. 83], filed on March 1, 2023.

In his motion, Defendant asks the Court to continue the April 4, 2023 trial date and related deadlines. Counsel for Defendant states that he has been preparing for trial under the assumption that Defendant would be tried alongside a codefendant, but that the codefendant recently entered a change of plea on February 28, 2023. Counsel relates that this change in circumstances may require altering Defendant's trial strategy. Counsel avers that granting the requested continuance will provide the parties an opportunity to make a full resolution of this case and also serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and Defendant in a speedy trial. Finally, counsel relates that he has spoken with both Defendant Madron, who is detained pending trial and understands the period of time between the filing of this motion and a rescheduled trial date would be fully excludable for speedy trial purposes, as well as counsel for the Government, who has no objection to the requested continuance.

Based upon the information provided by Defendant in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the

interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel needs additional time to revisit his trial strategy with Defendant in light of his codefendant's plea agreement, a task made more difficult by the fact that Defendant is detained pending trial. Counsel also needs additional time to confer with his client and the Government as to a potential resolution of this case and, if plea negotiations are not fruitful, prepare for trial. The Court finds all of this cannot be done by the April 4, 2023 trial date.

The Court therefore **GRANTS** Defendant Madron's Motion to Continue Trial [**Doc. 83**]. The trial of this case is reset to **August 1, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 1, 2023, and the new trial date of August 1, 2023, is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Gregory Madron's Motion to Continue Trial [**Doc. 83**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **August 1, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **March 1, 2023**, and the new trial date of **August 1, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 30, 2023**;

(5) The deadline for filing motions *in limine* is **July 17, 2023**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **July 20, 2023, at 10:00 a.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 21, 2023**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge